[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 16, 2008
THOMAS K. KAHN
CLERK

No. 07-13570
Non-Argument Calendar

_____

D. C. Docket No. 07-80009-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO MARTINEZ-GONZALEZ,
a.k.a. Francisco Mateos,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 16, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Mario Martinez-Gonzalez appeals his 60-month sentence for illegal reentry into the United States after being deported, in violation of 8 U.S.C. §1326(a), (b)(1). He was assessed a 16-level increase in his base offense level, pursuant to U.S.S.G. §2L1.2(b)(1)(A), based on his prior conviction of battery on a law enforcement officer, for which he served 21 days' imprisonment and which qualified as a "crime of violence." On appeal, Martinez-Gonzalez challenges the 16-level increase.

"The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly erroneous." United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir. 2005) (internal quotations and citations omitted).

Under §1326(a), any alien who has been deported and subsequently reenters the United States without permission is subject to a maximum two-year sentence. 8 U.S.C. §1326(a). Under the next subsection, the maximum sentence increases:

> (b). . . Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection – (1) whose removal was subsequent to a conviction for . . . a felony (other than an aggravated felony), such alien shall be fined under title 18, United States Code, imprisoned not more than 10 years, or both; (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.

8 U.S.C. §1326(b).

Under the Sentencing Guidelines, the base offense level for a defendant convicted of unlawfully entering or remaining in the United States is 8, but this offense level may be enhanced by 16 levels if "the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence," by 8 levels following a conviction for an aggravated felony, or by 4 levels following a conviction for any other felony.  U.S.S.G. §2L1.2(a), (b).

Under §2L1.2, a "felony" is defined as "any federal, state, or local offense punishable by imprisonment exceeding one year." U.S.S.G. §2L1.2, comment. (n.2).  The guideline's definition of "crime of violence" includes "any offense under federal, state, or local law that has an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. §2L1.2, comment. (n.1(B)(iii)).  Finally, the guideline incorporates the definition of "aggravated felony" as used in §1101(a)(43), which includes, among other things, a crime of violence for which the term of imprisonment is at least one year. U.S.S.G. §2L1.2, comment. (n.3(A)); 8 U.S.C. §1101(a)(43)(F).  Here, the parties agree that Martinez-Gonzalez's prior conviction for battery on a law enforcement officer constituted a "crime of violence" under §2L1.2, but it did not meet the

3

requirements of an "aggravated felony" because he was sentenced to less than one year of imprisonment.

The gist of appellant's argument on appeal is as follows. He argues that 8 U.S.C. §1326(b) evidences the congressional intent that the most serious crime of illegal reentry occurs when a defendant illegally reenters having been previously removed subsequent to a conviction for commission of an aggravated felony. Appellant points out that the maximum sentence in such case is 20 years, and the maximum sentence is 10 years when a defendant reenters illegally having been previously removed subsequent to a conviction for any other felony. Appellant argues that the sentencing scheme set forth in U.S.S.G. §2L1.2(b) is inconsistent with the foregoing congressional intent in that the Guideline provides for only an 8-level enhancement for an illegal entry following a conviction for an aggravated felony, whereas the Guideline provides a greater enhancement – 16 levels – for an illegal reentry following conviction for a felony that is a crime of violence. Appellant argues that this scheme is inconsistent with the congressional intent, because Congress intended that the most serious crime of illegal reentry was one following conviction of an aggravated felony. Moreover, appellant argues that his prior conviction did not even qualify as an aggravated felony (because he was sentenced to less than one year of imprisonment). Thus, appellant argues, the

appropriate sentence for him would be the sentence immediately below the sentence provided for illegal reentry following conviction of an aggravated felony – i.e., an enhancement of only 4 levels applicable to illegal reentry following conviction for any other felony.

We reject the premise of appellant's argument. We do not believe that 8 U.S.C. §1326(b) was intended by Congress to fine tune the sentencing process in the manner suggested by appellant. To the contrary, the plain meaning of §1326(b) merely establishes the maximum sentence. The congressional establishment of maximum sentence is a far different enterprise than the congressionally mandated function of the Sentencing Commission – i.e. to establish objective guidelines to assist district judges in fine tuning appropriate sentences for particular crimes.

Pursuant to the statute, the maximum sentence for illegal reentry by an alien whose removal was subsequent to a conviction for a felony (other than an aggravated felony) is 10 years. Appellant's sentence falls well within that maximum. As a prior panel of this court noted in a somewhat different context: "A conflict could arise if application of the Guideline resulted in violation of the statute, as where the sentence arrived at by application of the Guideline exceeded the statutory maximum." United States v. Lazo-Ortiz, 136 F.3d 1282, 1286 (11th

Cir. 1998). However, such conflict did not arise in <u>Lazo-Ortiz</u>, and there is no conflict in this case between the statutory maximum and the relevant Guideline.

Having rejected the premise of appellant's argument, we note that appellant has acknowledged that his prior conviction did constitute a "crime of violence" under § 2L1.2. Accordingly, the judgment of the district court is

AFFIRMED.[1]

---

[1] Martinez-Gonzalez's request for oral argument is denied.